## COMMONWEALTH *vs.* HORATIO M. HITCHINGS.

A complaint for an unlawful sale of intoxicating liquor " to some person of Lynn whose name is unknown to your complainant " sufficiently describes the person to whom the sale was made.

A complaint, which charges the commission of an offence on a certain day " contrary to the forms of the statutes in such cases made and provided," is good, after verdict, although a statute for the punishment of such offences, which took effect before the day specified, and repealed an earlier statute imposing different penalties for like offences, excepted from its operation offences already committed.

The eighth article of amendments of the Constitution of the United States, prohibiting the requiring of excessive bail, the imposing of excessive fines, and the infliction of cruel and unusual punishments, does not apply to the state governments.

Where part only of a statute, or of a section of a statute, is unconstitutional, that part only is void, unless other provisions are so dependent and connected that it cannot be presumed that the legislature would have passed one part without the other.

The fifteenth and seventeenth sections of the *St.* of 1855, *c.* 215, providing for the punishment of unlawful sales of intoxicating liquors by fine and imprisonment, are not unconstitutional or invalid, as being unreasonable, nor as imposing excessive fines, or inflicting cruel and unusual punishments, contrary to the twenty-sixth article of the Declaration of Rights.

A COMPLAINT, made on oath to the justice of the police court of Lynn, averred that the defendant on the 1st of June 1855 at Lynn, " without any license, authority or appointment therefor, did sell to some person of Lynn, whose name is unknown to your complainant, a certain quantity, to wit, one gill of intoxicating liquor, in evil example to all others in like cases to offend, against good morals, against the peace of said commonwealth, and contrary to the forms of the statutes in such cases made and provided."

The defendant, being tried and convicted in the court of common pleas, moved in arrest of judgment for the following reasons, besides others relied on and overruled in previous cases :

1st. Because the complaint was uncertain and insufficient, inasmuch as it did not set forth the name of the person to whom the liquor was alleged to have been sold, nor designate and describe him with sufficient particularity, nor allege that his name could not be ascertained by inquiry, nor that inquiry therefor had been made.

2d. Because the complaint did not allege with sufficient precision what law or statute the defendant was charged with having violated.

3d. Because the fifteenth section of *St.* 1855, *c.* 215, is in violation of art. 8 of the amendments of the Constitution of the United States, and of art. 26 of the Declaration of Rights of this commonwealth.

4th. Because the fifteenth and twenty-fourth sections of that statute are not "wholesome and reasonable" laws, within the meaning of the *c.* 1, § 1, art. 4, of the Constitution of Massachusetts, and therefore the legislature have therein exceeded the limits of their authority prescribed by the Constitution.

5th. "Because the said fifteenth and thirty-fourth sections are illegal, not binding, and altogether void; inasmuch as they infringe on the fundamental, natural and civil rights of the citizen, and are in violation of the law of nature and of reason, for that they declare certain acts to be crimes, which are not criminal, and forbid, under pain of severe punishment, acts which are proper to be done, and beneficial to society."

*Briggs*, J. overruled the motion, and the defendant alleged exceptions.

*A. C. Goodell*, for the defendant. 1. It is a general rule, that the name of the prosecutor, or of any third person, must be set out correctly. The only exceptions are in peculiar cases; when property has been taken feloniously, which is capable of identification; when a stranger is killed or injured, and his name cannot be ascertained; when a person known is so mutilated or decayed as not to be recognizable; when the nature of the crime consists in a series of offences of one kind, and notorious in their character. The propriety of "*quendam ignotum*" is a question of law, depending in each case on the nature of the offence charged. At least, he should be described, and an averment inserted that due diligence was used to discover his name. 2 Hawk. *c.* 25, § 71. *Buckley* v. *Thomas*, Plow. 129. Lamb. Eiren. 386. 1 Archb. Crim. Pl. (Waterman's ed.) 79–82 *& notes.*

2. The complaint does not allege whether this offence was in violation of *St.* 1852, *c.* 322, § 7, or of *St.* 1855, *c.* 215, § 15

Both statutes were in force, by virtue of *St.* 1855, *c.* 215, § 39. *Commonwealth* v. *Edwards,* 4 Gray, 6. The time alleged does not determine this; for the allegation of time is, to all intents and purposes, immaterial and technical; except when the time is an essential part of the offence, as in burglary. *People* v. *Van Santvoord,* 9 Cow. 655, and cases cited. *Townly's case,* Foster, 7. *Balmerino's case,* Foster, 9, *note.* The allegation " against the form of the statutes," seeming to imply, by the plural word, that the offence was in violation of *St.* 1852 as well as of *St.* 1855, has no such legal effect. *West's case,* Owen, 135. *Andrew* v. *Hundred de Lewkner,* Yelv. 116. *Butman's case,* 8 Greenl. 113, and cases cited. 2 Hale P. C. 173. The court cannot know, from this record, under which statute to pass sentence.

3. The statute of 1855, *c.* 215, §§ 15, 34, is a violation of the eighth article of amendments of the Constitution of the United States, and of art. 26 of the Declaration of Rights, each of which declares that excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted. See Story on U. S. Const. § 1903 *& notes.*

4. These sections are not " wholesome and reasonable " laws, within the meaning of the Constitution of Massachusetts, *c.* 1, § 1, art. 4. Whether they are reasonable or not is a question to be determined by the judiciary, and not by the legislature.

5. The statutes of 1852, *c.* 322, and 1855, *c.* 215, are contrary to the law of nature, in declaring acts to be crimes which are not criminal, and are therefore void, and must be so declared by the court. *Day* v. *Savadge,* Hob. 87. *Ross's case,* 2 Pick. 169. *Kendall* v. *Kingston,* 5 Mass. 534. *Ham* v. *M' Claws,* 1 Bay, 93. *Morrison* v. *Barksdale,* Harp. 101. *People* v. *Toynbee,* 20 Barb. 168. 1 Bl. Com. 41, 42. 4 Bl. Com. 170. 1 Kent Com. (6th ed.) 2. 2 Kent Com. 327, 330. 1 Ruth. Inst. *c.* 2, § 8; *c.* 8, § 7. Beccaria on Crimes, 17, 18. Pufendorf, Bk. 7, *c.* 6, art. 1. 1 Lieber's Political Ethics, §§ 29, 30. Dwarris on Statutes, (2d ed.) 479 *& seq.* 5 Dane Ab. 248.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BY THE COURT. 1. The description of a person other than

the defendant, in an indictment or complaint, as " a person un-
known," is sufficient, without further averment, if such person
be not actually known.  *Commonwealth* v. *Morse,* 14 Mass. 218.
2 East P. C. 651, 751.   The sufficiency of such description in a
case like the present was distinctly affirmed by this court in
*Commonwealth* v. *Hendrie,* 2 Gray, 504.

2.  Although the averment of time, in an indictment or com-
plaint, is purely technical, and need not correspond with the evi-
dence on the trial ; still, on a motion in arrest of judgment, that
fact, like all others, is to be taken to be truly stated.   As the
*St.* of 1855, *c.* 215, § 39, which took effect on the 20th of May
1855, repealed all previous acts inconsistent with its provisions,
saving only existing rights and liabilities, and pending actions
and prosecutions, this complaint, by setting forth an unlawful
sale of intoxicating liquor on the 1st of June 1855, well charges
an offence against *St.* 1855, *c.* 215, § 15.   And alleging the offence
to be contrary to " the statutes " in such cases made and provided,
is no ground for arresting judgment.   *Commonwealth* v. *Hooper,*
5 Pick. 42.

3.  It has been established by the highest authority that those
amendments of the Constitution of the United States, which
contain no expression indicative of an intention to apply them
to the state governments, are restrictions upon the government
of the United States only.   *Barron* v. *Mayor &c. of Baltimore,*
7 Pet. 243.   And this doctrine has been applied by the courts
of New York and Pennsylvania to the very amendment now in
question.   *Barker* v. *People,* 3 Cow. 686.   *James* v. *Common-
wealth,* 12 S. & R. 221.

4.  It is also well settled that when part of a statute is un-
constitutional, that will not authorize the court to declare the
remainder of the statute void, unless all the provisions are con-
nected in subject matter, depending on each other, operating
together for the same purpose, or otherwise so connected in
meaning, that it cannot be presumed that the legislature would
have passed one without the other.   *Wellington, petitioner,* 16
Pick. 95.   *Fisher* v. *McGirr,* 1 Gray, 1.   *Warren* v. *Mayor &
Aldermen of Charlestown,* 2 Gray, 84.   *Commonwealth* v. *Clapp,*
**41 ***

*ante*, 100.   The constitutional and the unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall.   The point is not whether they are contained in the same section, for the distribution into sections is purely artificial ; but whether they are essentially and inseparably connected in substance.

As this defendant stands convicted only of one offence under the *St.* of 1855, *c.* 215, § 15, the only question to be considered by the court in this case is, whether that part of the statute is unconstitutional, which subjects a person making a single unlawful sale of intoxicating liquor, for a first offence, to the payment of a fine of ten dollars and costs of prosecution, and imprisonment in the house of correction not less than twenty nor more than thirty days.   These are clearly not cruel or unusual punishments.   They are the lightest punishments known to our law ; and have been constantly applied to similar offences. The question whether the punishment is too severe, and disproportionate to the offence, is for the legislature to determine.

The constitutionality and validity of this section of the statute, as well as of that imposing heavier penalties on a common seller of intoxicating liquors, have been affirmed upon the present circuit.   *Commonwealth* v. *Clapp, ante*, 100.

*Exceptions overruled.*\*

* A similar decision was made in Berkshire, September term 1857.

COMMONWEALTH *v.* CURTIS POMEROY & another.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors.  The defendants, at the trial in the court of common pleas, before *Morris*, J., requested the judge to instruct the jury " that said statute of 1855, *c.* 215, upon which this indictment is founded, and said seventeenth section of said statute, upon which this indictment is founded, and especially in connection with the fifteenth and thirty-third sections of said statute, are unconstitutional and void ; because they are in conflict with the eighth article of the amendments of the Constitution of the United States, and also with the twenty-sixth article of the Declaration of Rights in the Constitution of Massachusetts, because they require excessive bail or sureties, impose excessive fines, and inflict cruel and unusual punishments."   But the judge refused so to instruct.   The defendants,

---

being found guilty, moved in arrest of judgment for the same cause, and that motion being also overruled, alleged exceptions, which were overruled by this court, for the reasons stated in the principal case.

*J. Rockwell,* for the defendants, cited *Holden* v. *James,* 11 Mass. 396; *Ross's case,* 2 Pick. 169; *Norwich* v. *County Commissioners,* 13 Pick. 60; *Fisher* v. *McGirr,* 1 Gray, 1; 1 Kent Com. (6th ed.) 449–455.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.